

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.                                                                          23-CR-6204-FPG

JUSTUS L. LAWHORN,

        Defendant.

---

## PLEA AGREEMENT

The defendant, JUSTUS L. LAWHORN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a two-count Information which charges:

    a. In Count 1, a violation of Title 21, United States Code, Section 841(a)(1) (possession of cocaine with intent to distribute), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life; and

    b. In Count 2, a violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of firearms in furtherance of a drug trafficking crime), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of

imprisonment of life, said sentence to be served consecutively to any other sentence imposed in this, or any other matter, whether in this jurisdiction or any other, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years.

    c.    The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

    2.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c), and Sentencing Guidelines § 5E1.1(d).

    3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 7 years, without credit for time previously served on supervised release.

## II.  ELEMENTS AND FACTUAL BASIS

    4.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 1 - 21 U.S.C. § 841(a)(1)

First, that the defendant possessed a controlled substance;

Second, that the defendant knew that he possessed a controlled substance; and

Third, that the defendant intended to distribute the controlled substance.

### Count 2 – 18 U.S.C. § 924(c)(1)(A)(i)

First, that the defendant knowingly possessed firearms; and

Second, that the defendant possessed the firearms in furtherance of a drug trafficking crime for which the defendant could be prosecuted for in a court of the United States.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. On or about September 29, 2021, at 16 A Place, in the City of Rochester, County of Monroe, Western District of New York, the defendant, **JUSTUS L. LAWHORN**, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

   b. On or about September 29, 2021, at 16 A Place, in the City of Rochester, County of Monroe, Western District of New York, the defendant, **JUSTUS L. LAWHORN**, did knowingly possess firearms, namely, one (1) 9mm Luger (9x19mm) caliber, Kel-Tec Sub 2000 semiautomatic rifle, bearing serial number EG514; one (1) 22 Long Rifle caliber, Mossberg International 715P semiautomatic pistol, bearing serial number ESK4342918; one (1) 9mm Luger (9x19mm) caliber, Canik TP9SF elite semiautomatic pistol, bearing serial number 16BH00746; and one (1) 40 S&W caliber, Glock 22 Gen4 semiautomatic pistol, bearing serial number LASP0809, in furtherance of a drug trafficking crime for which he may have been prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), to wit, possession of cocaine with intent to distribute.

   c. On September 29, 2021, law enforcement executed a search warrant at 16 A Place, Rochester, New York. The defendant was inside with his child. During the search, officers recovered four firearms including one (1) 9mm Luger (9x19mm) caliber, Kel-Tec Sub2000 semiautomatic rifle, bearing serial number EG514; one (1) 22 Long Rifle caliber, Mossberg International 715P semiautomatic pistol, bearing serial number ESK4342918; one (1) 9mm Luger (9x19mm) caliber, Canik TP9SF elite semiautomatic pistol, bearing serial number 16BH00746;

3

and one (1) 40 S&W caliber, Glock 22 Gen4 semiautomatic pistol, bearing serial number LASP0809, which was equipped with a switch designed to enable the pistol to become fully automatic. They also recovered ammunition and magazines, including sixty-four (64) assorted unfired 9mm Luger cartridges; eighteen (18) unfired 22 Long Rifle caliber cartridges; fifteen (15) unfired 9mm Luger caliber cartridges; forty-seven (47) unfired S&W 40 caliber cartridges; five (5) rounds 9mm Ammunition-EV; three (3) detachable box magazines; and one (1) detachable drum magazine. Officers also found approximately 28.9 grams of cocaine, approximately 34 baggies of cocaine packaged for sale, another bag of cocaine weighing approximately 38.68 grams, and $1,113 in United States currency.

d. The defendant admits that he knowingly possessed the cocaine, firearms, and ammunition that were at 16 A Place. He also admits that he possessed the cocaine with the intent to distribute.

e. For purposes of this plea agreement only, at least 50 grams but less than 100 grams of cocaine is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Information which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. Regarding Count 1, the government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(13) apply to the offense of conviction and provide for a base offense level of 14.

4

## ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12 for Count 1.

## CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

10. Regarding Count 1, it is the understanding of the government and the defendant that, with a total offense level of 12 and criminal history category of II, the defendant's sentencing range would be a term of imprisonment of **12 to 18 months, a fine of $7,500 to $1,000,000, and a period of supervised release of 3 years**.

11. The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction in Count 2 and provides that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 2 to 5 years.

12.     Based on the above, it is the understanding of the government and the defendant that the aggregate sentencing range for defendant is a term of **imprisonment of 72 to 78 months (60 months on Count 2 to run consecutive to 12 to 18 months on Count 1), a fine of $7,500 to $1,000,000, and a term of supervised release of 3 to 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement for both counts of conviction.

13.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

15.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

16. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution or a fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss Criminal Complaint 22-MJ-4016 pending against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21. The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with a violation of Title 18, United States Code, Section 924(c)(1)(B)(ii) (possession of machinegun in furtherance of a drug trafficking crime), for which the maximum possible penalty would be a mandatory minimum term of imprisonment of 360 months.

## VII.　**APPEAL RIGHTS**

22.　The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than an aggregate sentence of imprisonment of **72 to 78 months,** a fine of **$7,500 to $1,000,000,** and a period of supervised release of **3 to 5 years**, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.　The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.　The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than an aggregate sentence of imprisonment of **72 to 78 months,** a fine of **$7,500 to $1,000,000,** and a period of supervised release of **3 to 5 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  **FORFEITURE PROVISIONS**

### FIREARMS AND AMMUNITION FORFEITURE

25. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees.

a. one (1) 9mm Luger (9x19mm) caliber, Kel-Tec Sub 2000 semiautomatic rifle, bearing serial number EG514;

b. one (1) 22 Long Rifle caliber, Mossberg International 715P semiautomatic pistol bearing serial number ESK4342918;

c. one (1) 9mm Luger (9x19mm) caliber Canik TP9SF elite semiautomatic pistol, bearing serial number 16BH00746;

d. one (1) 40 S&W caliber, Glock 22 Gen4 semiautomatic pistol, bearing serial number LASP0809;

e. sixty-four (64) assorted unfired 9mm Luger cartridges of ammunition;

f. eighteen (18) 22 Long Rifle caliber rounds of ammunition;

g. fifteen (15) 9mm Luger caliber cartridges of ammunition;

h. forty-seven (47) S&W 40 caliber cartridges of ammunition;

i. five (5) rounds of 9mm ammunition-EV;

j. three (3) detachable box magazines; and

k. one (1) detachable drum magazine.

26. After the acceptance of the defendant's guilty pleas, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty pleas are accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United

States.

28.  The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

29.  The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearms, and ammunition survive and shall be given full force and effect.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

30.  This plea agreement represents the total agreement between the defendant, JUSTUS L. LAWHORN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:  _____
ROBERT A. MARANGOLA
Assistant United States Attorney

Dated: April 24, 2024

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Paul J. Vacca, Jr., Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JUSTUS L. LAWHORN
Defendant

Dated: April 24, 2024

_____
PAUL J. VACCA, JR., ESQ.
Attorney for the Defendant

Dated: April 24, 2024