# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case No. 6:23-CR-06204

Civil No. _____ (to be assigned)

Respondent

v.

JUSTUS L. LAWHORN,

Movant



## MOTION UNDER 28 U.S.C. § 2255

## TO VACATE CONVICTION UNDER 18 U.S.C. § 924(c)

## I. INTRODUCTION

Movant seeks relief under 28 U.S.C. § 2255 from his conviction under 18 U.S.C. § 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime). Movant does not challenge his conviction under 21 U.S.C. § 841(a)(1), § 841(b)(1)(C). The § 924(c) conviction lacks a sufficient factual basis and resulted from ineffective assistance of counsel.

## II. TIMELINESS AND EQUITABLE TOLLING

Judgment was entered December 12, 2024. No direct appeal was filed. The judgment became final December 26, 2024. The one-year period under § 2255(f)(1) expired December 26, 2025.

This motion is filed shortly thereafter. Equitable tolling applies.

## A. Diligence

In July 2025, Movant contacted plea counsel requesting assistance and access to his case materials to evaluate potential post-conviction relief. Counsel responded that he was no longer representing Movant and declined assistance. Movant continued attempting to obtain his file and case materials, including seeking assistance from other inmates and making calls to secure documentation necessary to evaluate his conviction. Movant did not have access to the charging affidavit or related record materials supporting the § 924(c) count until recently, when former counsel provided assistance and documentation.

Upon obtaining the affidavit and reviewing the factual basis underlying the firearm charge, Movant promptly prepared this motion. The delay is minimal and attributable to inability to obtain critical case materials despite reasonable efforts.

## B. Extraordinary Circumstances

Movant's inability to obtain the charging affidavit and case file from plea counsel despite request impeded his ability to meaningfully evaluate potential claims. Without access to the government's articulated theory of "in furtherance," Movant could not reasonably assess whether the firearm element had been legally satisfied.

Under these circumstances, equitable tolling is warranted.

## III. CLAIM ONE

## THE § 924(c) CONVICTION LACKED A FACTUAL BASIS (RULE 11(b)(3))

Before accepting a guilty plea, the Court must determine that there is a factual basis for each element of the offense.

To sustain a conviction under § 924(c), the government must establish:

1. Possession of a firearm; and

2. That the possession was "in furtherance of" a drug trafficking crime.

The "in furtherance" element requires a specific nexus between the firearm and the drug trafficking offense. Mere presence of a firearm in a residence where drugs are found is insufficient.

I. The "In Furtherance" Requirement and Nexus Standards

In the Second Circuit, a conviction under 18 U.S.C. § 924(c) requires proof of a specific functional nexus between the firearm and the underlying drug trafficking offense. The firearm must advance, promote, or facilitate the drug crime; mere presence in the vicinity of narcotics is insufficient.

In *United States v. Lewter*, 402 F.3d 319 (2d Cir. 2005), the court held that the "in furtherance" element demands evidence demonstrating that the firearm was possessed to protect or facilitate drug trafficking rather than coincidentally being near drugs. The court identified relevant nexus factors, including: (1) accessibility of the firearm, (2) the type of weapon, (3) whether it was loaded, (4) legality of possession, and (5) the circumstances and location of its discovery.

3

Similarly, in *United States v. Rosario*, 792 F.3d 224 (2d Cir. 2015), the court affirmed a conviction where the firearm was strategically located within reach of drugs and proceeds, emphasizing that the weapon's placement made it "quickly available" to protect the trafficking operation. Critically, however, the court reaffirmed that intent to further a drug offense must be reasonably inferred from specific facts — it cannot be presumed merely because firearms and drugs are found in the same premises.

By contrast, *United States v. Gardner*, 602 F.3d 97 (2d Cir. 2010), illustrates the kind of purposeful nexus required: there, firearms were received in exchange for drugs, demonstrating an unmistakable facilitative role. The decision underscores that § 924(c) liability requires more than passive or incidental possession; it requires a demonstrable connection between the firearm and the advancement of drug trafficking.

## II. Constructive Possession Limitations in Shared or Temporary Residences

The Second Circuit also imposes strict limits on constructive possession, particularly where a defendant's presence in a residence is temporary or shared.

In *United States v. Payton*, 159 F.3d 49 (2d Cir. 1998), the court explained that constructive possession requires both the power and the intent to exercise dominion and control over the firearm. Mere presence in a location where a weapon is found is insufficient.

More recently, in *United States v. Facen*, 812 F.3d 280 (2d Cir. 2016), the court rejected constructive possession where firearms were discovered in a residence not exclusively controlled by the defendant and the government failed to establish a concrete evidentiary link beyond proximity. The court emphasized that ownership, statements, fingerprints, or control over the area are typically necessary to demonstrate dominion.

Applying these principles, the Second Circuit has rejected § 924(c) liability where the evidentiary link between the defendant and the firearm was speculative. *In United States v. Jenkins*, 90 F.3d 814 (2d Cir. 1996), the court reversed where weapons found in another person's residence were not *meaningfully* connected to the defendant's alleged trafficking activity. The decision underscores that proximity alone, absent demonstrable control or nexus, cannot sustain firearm liability.

### III. Application to the Present Case

Taken together, these precedents establish that § 924(c) liability requires:

- Personal dominion and control over the firearm; and
- A demonstrable, functional nexus between that firearm and the advancement of drug trafficking.

Where, as alleged here, the record reflects only proximity within a residence not owned or controlled by Movant — without evidence of strategic placement, accessibility tied to distribution, or purposeful facilitation — the factual and legal bases for the § 924(c) conviction are deficient under Second Circuit law.

The charging affidavit reflects:

- Approximately 66 grams of cocaine recovered in the living room.
- Firearms located in separate areas of the residence.
- No specific articulation that the firearms were strategically placed to protect drugs.
- No indication that firearms were accessible in connection with distribution activity.
- Reliance on generalized statements that drug traffickers commonly possess firearms.

Additionally:

- The residence was not Movant's home.

- Movant was temporarily present due to medical circumstances.

- The investigation primarily targeted another occupant of the residence.

The record does not demonstrate a concrete nexus between any firearm and Movant's drug activity sufficient to satisfy § 924(c)'s "in furtherance" requirement.

Acceptance of a plea without establishing this nexus violates Rule 11(b)(3).

## IV. CLAIM TWO

## INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail under *Strickland v. Washington*, Movant must show deficient performance and prejudice.

A. Deficient Performance

Counsel failed to:

1. Explain that § 924(c) requires proof that the firearm furthered the drug trafficking offense.

2. Investigate and challenge constructive possession issues related to a residence that was not Movant's home.

3. Evaluate whether the government could establish a nexus between the firearms and the drug offense.

4. Advise Movant of the legal weaknesses in the § 924(c) charge.

Instead, counsel advised Movant to plead guilty to a firearm count that was legally contestable.

## B. Prejudice

Movant consistently maintained that he was only temporarily staying at the residence and did not believe he was guilty of possessing a firearm in furtherance of drug trafficking.

Given the arguable weakness in the nexus evidence, there is a reasonable probability that, but for counsel's deficient advice, Movant would *not have* pleaded guilty to § 924(c) and would have insisted on proceeding to trial on that count. The § 924(c) conviction carried mandatory consecutive consequences, significantly altering sentencing exposure.

## V. REQUEST FOR EVIDENTIARY HEARING

An evidentiary hearing is warranted to address:

- Counsel's advice regarding the "in furtherance" element;
- Efforts to obtain case materials prior to the deadline;
- Whether the plea was supported by a sufficient factual basis.

## VI. RELIEF REQUESTED

Movant respectfully requests that this Court:

1. Vacate the conviction under 18 U.S.C. § 924(c);
2. Resentence Movant without the mandatory consecutive firearm sentence;
3. Grant such other relief as is just and proper.

## VII. RESERVATION OF RIGHT TO AMEND

Movant reserves the right to amend or supplement this motion upon receipt of plea and sentencing transcripts.

Respectfully submitted,

*[s] Justus L. Lawhorn*

Justus L. Lawhorn

Reg. No. 89818-509

FPC Canaan

P.O. Box 200

Waymart, PA 18472

Dated: February 27, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2026, I placed a true and correct copy of the foregoing Motion under 28 U.S.C. § 2255 in the institutional mailing system, properly addressed to:

United States Attorney's Office

Western District of New York

100 State Street

Rochester, New York 14614

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 27, 2026

## DECLARATION OF JUSTUS L. LAWHORN

I, Justus L. Lawhorn, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. At the time of the events underlying this case, I resided with my mother as her caregiver, along with my son.

2. Approximately one week before I was scheduled to undergo surgery in September 2021, my mother tested positive for COVID-19. She was advised by her physician that individuals in close contact should be tested.

3. I arranged for myself and my son to be tested. I tested negative; my son tested positive.

4. Because of my upcoming surgery and my son's positive COVID test, we could not remain at my mother's residence.

5. My son and I temporarily relocated to my nephew's residence for quarantine purposes.

6. I underwent surgery on or about September 22, 2021, and was discharged from the hospital on or about September 24, 2021.

7. After being discharged, I returned to my nephew's residence while recovering from surgery.

8. I did not own, lease, or control the residence.

9. I was not the target of the search warrant executed at that location.

10. My presence at the residence was temporary and related solely to medical and quarantine circumstances.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 27, 2026

*[s] Justus L. Lawhorn*

9

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western District of New York | |
|---|---|---|
| Name *(under which you were convicted)*: Justus L. Lawhorn | | Docket or Case No.: |
| Place of Confinement: FPC Canaan | Prisoner No.: 89818-509 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Lawhorn |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

    Western District of New York

    (b) Criminal docket or case number (if you know): 6:23-cr-06204

2. (a) Date of the judgment of conviction (if you know): 12/12/2024 on 12/26/2024

    (b) Date of sentencing: 12/12/2024

3. Length of sentence: 72 months

4. Nature of crime (all counts):

    1. 21 U.S.C. § 841(A)(1) and — Possession of Cocaine with
       21 U.S.C. § 841(B)(1)(C)    Intent to Distribute
    2. 18 U.S.C. § 924(c)(1)(A)(1) Possession of Firearms In
       Futherance of a Drug Trafficking
       Crime

5. (a) What was your plea? (Check one)

    (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?    N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?      Yes ☐      No ☑

9.   If you did appeal, answer the following:

    (a)  Name of court: _____

    (b)  Docket or case number (if you know): _____

    (c)  Result: _____

    (d)  Date of result (if you know): _____

    (e)  Citation to the case (if you know): _____

    (f)  Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised:

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court? 
    Yes ☐    No ☑

11.   If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)   Name of court: _____

    (2)   Docket of case number (if you know): _____

    (3)   Date of filing (if you know): _____

    (4)   Nature of the proceeding: _____

    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?

           Yes ☐     No ☐

    (7)   Result: _____

    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)   First petition:     Yes ☐     No ☐

    (2)   Second petition:   Yes ☐     No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

    *Appeal Wavier*

AO 243 (Rev. 09/17)

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Violation of Rule 11(B)(3) - Insufficient factaul basis for §924(c)

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Record does not establish that any firearm was possessed "In futterance of" drug trafficking.

See attached memorandum.

(b)  **Direct Appeal of Ground One:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(3)  Did you receive a hearing on your motion, petition, or application?
Yes ☐    No ☐

AO 243 (Rev. 09/17)

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**  Ineffective Assistance of Counsel (Strickland)

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to explain that § 924(c) requires proof of special nexus between firearm and drug trafficking. Counsel failed to investigate constructive possession issues related to a residence not owned or controlled by movant. But for counsel's deficient advice, Movant would have not pleaded guilty to the firearm count.

(b)  **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

AO 243 (Rev. 09/17)

(2)   If you did not raise this issue in your direct appeal, explain why:

 

**(c) Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: *Appeal Waiver*

AO 243 (Rev. 09/17)

**GROUND THREE:** _N | A_

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐     No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐     No ☐

AO 243 (Rev. 09/17)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:    _N/A_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐      No ☐

    (2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐      No ☐

    (2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3)  Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13.    Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the
you are challenging?         Yes ☐         No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea:  Jessica MacLenio

(c) At the trial:                 N/A

(d) At sentencing:  Paul Vacca

(e) On appeal:                    N/A

(f) In any post-conviction proceeding:   N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court
and at the same time?         Yes ☐         No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?         Yes ☐         No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or
sentence to be served in the future?         Yes ☐         No ☐

AO 243 (Rev. 09/17)

18.    TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Although filed outside the one-year period § 2255(f)(1),
equitable tolling applies. Movant exercised diligence by
Requesting his case file from plea counsel In July 2025
and attempting to obtain necessary documents through other
means. Plea counsel declined assistance. Movant did not obtain
the changing affidavit and related materials necessary to
evaluate the § 924(c) nexus issue until recently. This motion
motion was filed promptly thereafter.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255,
paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run
from the latest of --
        (1)   the date on which the judgment of conviction became final;
        (2)   the date on which the impediment to making a motion created by governmental action in violation of
the Constitution or laws of the United States is removed, if the movant was prevented from making such a
motion by such governmental action;
        (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has
been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral
review; or
        (4)   the date on which the facts supporting the claim or claims presented could have been discovered
through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief: *Vacate § 924(c) conviction and resentence to time served on remaining count.*

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *February 27, 2026* .
(month, date, year)

Executed (signed) on *February 27, 2026* (date)

X _____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.





Joshua L. Lawhorn - 84818-509
FPC Canaan
P.O. Box 260
Waymart, PA 18472



United States District Court
100 State Street

Rochester, NY 14614

THIS CORRESPONDENCE IS FROM AN INMATE
CURRENTLY IN THE CUSTODY OF
THE FEDERAL BUREAU OF PRISONS